UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN BRUNELL,

                    Plaintiff,

    -against-                                          8:07-CV-0864
                                                       (LEK/DRH)
CLINTON COUNTY, NEW YORK, ALAN
GIBSON, AND RODNEY BROWN,

                    Defendants.

_____

## DECISION AND ORDER

Currently before the Court is a Motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6), filed by Defendants Clinton County, New York, Alan Gibson, and Rodney

Brown ("Defendants") on November 6, 2007.  Dkt. No. 20.  Also before the Court is a letter

Motion for reconsideration of Motion for injunctive/declaratory relief, filed by Plaintiff John

Brunell ("Plaintiff") on December 4, 2007.  Dkt. No. 26.

**I.      Background**

Plaintiff filed his original Summons and verified Complaint on August 24, 2007.  Dkt.

No. 1.  Thereafter, Plaintiff filed a First Amended Verified Complaint on October 10, 2007.  Dkt.

No. 18.  Plaintiff's Amended Complaint alleges two causes of action.  Dkt. No. 18.  First,

Plaintiff asserts a cause of action under 42 U.S.C. § 1983, alleging that Defendants have deprived

or will deprive him of his position as Election Commissioner without due process of law in

violation of the Fourteenth Amendment.  Am. Compl. ¶¶ 49, 57 (Dkt. No. 18).  As a second

claim, Plaintiff seeks a declaratory judgment stating that only the Governor of New York has the

right to remove an Election Commissioner from office for alleged violations of Election Law § 3-200(4).  Am. Compl. ¶ 61 (Dkt. No. 18).

Defendants have moved to dismiss Plaintiff's first claim on the basis that Plaintiff has failed to establish deprivation of a protected property or liberty interest.  Defs.' Mem. at 2-5 (Dkt. No. 20).  Defendants also argue that Plaintiff's second cause of action should be dismissed because there is no "case or controversy" sufficient to confer jurisdiction on this Court to issue a declaratory judgment.  Id. at 6.  In the alternative, Defendants contend that removal by the Governor of New York is not the exclusive way an Election Commissioner may be removed from office.  Id. at 7.

## II.    Discussion

For a complaint to survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must plead enough facts to suggest a plausible claim for relief.  Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1969 (2007).  When deciding a motion to dismiss, the Court must accept all factual allegations contained in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  In making its determination, a court may consider the facts alleged in the complaint, the documents attached to the complaint, and the documents incorporated by reference in the complaint.  See Chambers v. Time Warner, 282 F.3d 147, 152-53 (2d Cir. 2002).  In its discretion, and upon notice to all parties, a court may also consider materials outside the pleadings.  Falls Riverway Realty, Inc. v. City of Nigra Falls, 754 F.2d 49, 53 (2d Cir. 1985).  However, if the court chooses to exercise this discretion, the motion must be treated as a motion for summary judgment.  FED. R. CIV. PRO. 12(d); Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000).  In the instant

case, because the Court can decide the issue at hand on the Amended Complaint alone, the Court

declines to consider outside material, and the Motion is thus not converted into a motion for

summary judgment.

Plaintiff's first claim for relief alleges deprivation of his rights without due process of

law, in violation of 42 U.S.C. § 1983.  To prevail on a § 1983 claim for denial of due process, a

plaintiff must demonstrate that he possessed and was deprived of a protected property or liberty

interest.  See Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995).  In this case, Plaintiff's § 1983

claim depends on whether he had a property right in continued employment as an Election

Commissioner.  If he possessed such a right, then he cannot be deprived of that right without due

process of law.  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985) (public

employees with a property right in continued employment cannot be deprived of that right

without due process).

Even assuming, *arguendo*, that Plaintiff holds a property interest in his Election

Commissioner position, Plaintiff must still establish that he has been deprived of that interest.

See Green, 46 F.3d at 194.  While Plaintiff alleges that he was removed from the Election Office

on August 23, 2007, Plaintiff also states that he "immediately return[ed] to the Election Office

the next day on Friday, August 24, 2007."  Am. Compl. ¶ 26 (Dkt. No. 18).  Plaintiff currently

remains employed by the Clinton County Election Office.  Am. Comp. ¶ 43.  Based on these

facts, the Court finds that Plaintiff was never officially discharged from his position as Clinton

County Election Commissioner.  Accordingly, Plaintiff has not been deprived of a property right

and does not state a cognizable § 1983 claim.[1]

As a second claim for relief, Plaintiff requests a declaratory judgment stating that only the Governor of New York has the right to remove an Election Commissioner from office for alleged violations of Election Law § 3-200(4).   The Declaratory Judgment Act, 28 U.S.C. § 2201, provides: "In a case of actual controversy . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  "Federal district courts have discretion, in appropriate circumstances, to grant declaratory relief; but 'a mere demand for [such] relief does not by itself establish a case or controversy necessary to confer subject matter jurisdiction.'" Jenkins v. United States, 386 F.3d 415, 417 (2d Cir. 2004) (quoting S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch., Inc., 24 F.3d 427, 431 (2d Cir.1994)).  To establish a "case or controversy," a plaintiff must "prove that he has suffered an injury-in-fact that is fairly traceable to the challenged action of the defendant, and which is likely to be redressed by the requested relief."  Baur v. Veneman, 352 F.3d 625, 631-32 (2d Cir.2003) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  In light of the fact that Plaintiff has not actually been removed from his position, this case does not present a sufficient "case or controversy" for the Court to use its discretion and issue a declaratory judgment.

Furthermore, even if Plaintiff's claim did present a sufficient "case or controversy," the Court finds that removal by the Governor is not the exclusive means of removing an Election Commissioner, as the Plaintiff suggests.  Election Law § 3-200(7) reads: "an Election

---

[1]Certainly to the extent that Plaintiff's Amended Complaint may be construed to suggest that he can hold both positions, that claim would fail as a matter of law.  N.Y. ELEC. LAW § 3-200(4); 1988 N.Y. Op. (Inf.) Att'y Gen. 5 (1988), 1988 N.Y. AG LEXIS 5, *4.

Commissioner *may* be removed from office by the Governor for cause in the same manner as a sheriff." (emphasis added).  The selection of the word "may" suggests that removal by the Governor is one of multiple ways that an election commissioner may be removed.  In fact, courts interpreting this provision have held that removal by the Governor is not the exclusive way that an Election Commissioner may leave office.  See, e.g., County of Broome v. Conte, 466 N.Y.S.2d 1003, 1003 (finding that removal of Election Commissioner by the Governor is not the only way to create a vacancy in that office).  Finally, New York State Election Law suggests another method of removing an Election Commissioner: "the Attorney-General may maintain an action, upon his own information or upon the complaint of a private person against the person who . . . unlawfully holds or exercises . . . a public office."  N.Y. EXEC. LAW § 63(b)(1) (2008). The Court thus finds that the removal by the Governor is not the only means of removing an Election Commissioner.

In summary, the Court finds that Plaintiff has failed to state a claim for relief under § 1983.  The Court also finds no reason or grounds to issue a declaratory judgment stating that removal by the Governor is the exclusive means of removing an Election Commissioner.

III.    **Conclusion**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 20) is **GRANTED** and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 18) is **DISMISSED** in its entirety; and it is further

5

**ORDERED**, that Plaintiff's Motion for reconsideration of Motion for injunctive/declaratory relief, filed on December 4, 2007 (Dkt. No. 26), is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED:   July 25, 2008
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge